Alonzo J. Prey, S.
Mabelle I. Thomas, the deceased, died at the village of Massena in the County of St. Lawrence on December 8, 1955. She left a last will and testament admitted to probate in the Surrogate’s Court of this county on March 2, 1956. The executor trustee named in the will renounced the right to act as such, and letters of administration with the will annexed were duly granted to Max L. Thomas, surviving husband, and letters of testamentary trusteeship were granted to Anthony De Bose, substituted trustee, and that said administrator and said trustee have duly qualified by filing their required bonds respectively.
Max L. Thomas, administrator with the will annexed, presented to this court a petition dated and verified July 25, 1956 wherein he alleged that certain property consisting of a certain diamond ring, a certain black Persian lamb coat, a lady’s Hamilton wrist watch, a set of Haviland Limoges china, service for 12, and 17 gold pieces belonging to the estate of the deceased were in the possession of, and being wrongfully held by one, Theresa Havrisky, and said petition requested an order directing the said Theresa Havrisky to attend and be examined respecting said property, and to deliver the same to the petitioner if in her control.
The attorney for the petitioner and the attorney for the respondent agreed between themselves by stipulation to take the deposition of the said Theresa Havrisky before a notary public pursuant to the provisions of section 316 of the Surrogate ’s Court Act as authorized in article 29 of the Civil Practice Act, and pursuant to the stipulation dated December 13, 1956 the testimony of Theresa Havrisky was taken before Notary Public Eileen L. Carrow at Tupper Lake on December 19, 1956. Thereafter and pursuant to a similar stipulation, the testimony of Max L. Thomas was taken at Allegany, New York before Notary Public Elsie S. Murrin. Transcript of the testimony of said witness has been transcribed and is submitted to the court under a stipulation dated January 3, 1957 executed by the attorney for the petitioner and the attorney for the respondent, wherein it is stipulated by and between said attorneys as follows: ‘£ That the testimony in deposition of the respondent and the petitioner taken in the proceeding herein shall appear in the record and that the Surrogate shall rule on such testimony to the same effect as if that said testimony were offered and objec *145 tions made before the Surrogate, and that the Surrogate shall admit or strike such testimony as he deems admissible or inadmissible.”
It is assumed by virtue of said stipulation that the proofs of the parties as contained in said depositions constitute the case and that both parties rest their respective cases.on the proofs submitted by said depositions.
A proceeding such as this for the discovery of property develops in two stages: First, the inquisition, to discover property, and second, the trial of the title if title to the property is claimed by the one alleged to be wrongfully withholding the same. The inquisition stage of the proceeding was quickly disposed of at the time that the deposition of the respondent, Theresa Havrisky, was taken at Tupper Lake for there appears near the beginning of her deposition a stipulation proposed by her counsel, and in which counsel for the petitioner joined. That stipulation as set forth in the deposition is as follows: “It is stipulated by Counsel and by Theresa Havrisky that Mrs. Havrisky as of this date (November 17,1956) has in her possession the items set forth in the petition of the Administrator dated July 25, 1956, Paragraph 4 with the subparagraphs A through E thereunder consisting of one (1) diamond ring, one (1) black Persian lamb coat, one (1) Hamilton wrist watch, and one (1) set of Haviland Limoges china, service for twelve (12), which set appears to be a broken set since there are twelve (12) coffee cups and twelve (12) tea cups with the saucers, and seventeen (17) pieces of gold as set forth in the petition. This stipulation does not and is not intending to include value ”.
Both attorneys so stipulated and in a question propounded to Mrs. Havrisky, “Do you stipulate that, Mrs. Havrisky?” and she answered, “ I never stopped to count the gold but I think that is about right. I so stipulate the rest.”
By virtue of said stipulation the inquisition stage of the discovery proceeding ended for it was therein admitted that the property sought to be discovered did exist and was in possession of the respondent.
The respondent, however, has failed to file and serve an answer to the petition. Attorney for the petitioner in his memorandum touches upon this phase of the proceeding by saying, “ No answer as such lias been filed in this proceeding. As a practical matter, however, respondent’s deposition is a verified answer setting up a claim of title, and the attorney for the petitioner does not challenge, therefore, the question, that the issue of title to the property, admittedly in the possession of the respondent, is properly before the Court.”
*146 Counsel for the respondent has chosen not to submit a memorandum. The court, therefore, accepts the depositions as the complete case of both parties for the purpose of determining the issue of title to said property between the respondent and the petitioner.
The court has decided that since the inquisition phase of the proceeding ended with a stipulation which admitted that said property existed and was in possession of the respondent, and since counsel for the petitioner by the nature of the questions which he asked the respondent has waived the provisions of section 347 of the Civil Practice Act that all of the testimony of both the petitioner and the respondent is admitted as competent testimony.
The testimony of the respondent, Havrisky, is in complete disagreement and disputes the testimony of the petitioner as to the method by which the respondent came into possession of the property in question. The respondent claims that the gold pieces were given to her by the deceased in 1954. That they were placed in a safe-deposit box in the First-National Bank at Allegany, New York, which box was rented in the name of the respondent, Havrisky, under an arrangement by which, however, the deceased had access, but that said gold pieces remained in said box in the container which they were in when they were delivered to the respondent. The respondent also claims that the deceased gave her the china; that it was packed in a box labeled with the respondent’s name, and that possession thereof was delivered to the respondent by the petitioner. The respondent also claims that the petitioner gave her the ring as well as the fur coat, and the Hamilton wrist watch, under circumstances which she says indicated that the surviving husband recognized the fact that they had been given to the respondent by the deceased and when he delivered them to her by placing them in the automobile or by handing them to her as he did, that gift of said property to the respondent was complete.
It is the claim of the petitioner, however, that he permitted possession of said property to be transferred to the respondent with the understanding that it was to be considered as part of the decedent’s estate and subject to be called back into the estate if the administrator should see fit so to do. As to the gold pieces, the petitioner claims that they were his property all the time and that his wife before her death had wrongfully taken possession of the gold and appropriated it to herself, and that the deceased had no right to give it away. The petitioner, in the transfer tax proceeding which was conducted for this estate, listed the property in dispute in this proceeding, and with respect *147 to the diamond ring, the black Persian lamb coat, the Hamilton wrist watch and the Haviland Limoges china stated, “ To Theresa Havrisky after death of Mabelle I. Thomas In the tax proceeding as to the gold pieces the petitioner stated, ‘ ‘ To Theresa Havrisky before death of Mabelle I. Thomas Said property was included in the estate as a part of the estate and taxed accordingly under law.
In order to establish a gift, certain elements of conduct between the donor and donee must be established before it can be determined that an actual gift has taken place. There must be delivery which is as complete as the circumstances surrounding the transaction render possible. It must be fully consummated, it must be unconditional and it must be such as to invest in the donee complete dominion over the subject of the gift made at the moment of making the gift, or it may be made by delivery of a symbol, as for example, the key to a safe-deposit box, or it may be effected by admission by the donor that the property in question belongs to the donee. The circumstances surrounding the alleged transfer or gift of the various articles of property would indicate that there had been no delivery, and that there was not such a transfer of dominion over it as to vest in the respondent, title to the property in question. All of said property except the gold pieces was in the actual physical custody of the deceased at the time of her death. The gold coins were in a box stored in a safe-deposit box in the First National Bank at Allegany, New York to which the deceased had access, and the respondent has failed to overcome by a preponderance of evidence the proof submitted by the petitioner that the particular gold pieces were actually his property.
I find and determine, therefore:
1. That said property is in possession of the respondent, Theresa Havrisky.
2. That she is wrongfully withholding it.
3. That title to the property is vested in the estate of the deceased, and that Theresa Havrisky, the respondent, has failed to establish by adequate proof that title to said property was transferred to her by gift from the deceased.
Let decree enter, therefore, accordingly, directing the respondent, Theresa Havrisky, to deliver the following property, viz.: 1 diamond ring, described in the tax proceeding as' containing 7 diamonds, 1 black Persian lamb coat, 1 Hamilton wrist watch, 1 set of Haviland Limoges china, and gold pieces described in the stipulation to Max L. Thomas, administrator c. t. a., forthwith.